UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| MARY H. GRAHAM | ) | |
| | ) | |
| V. | ) | NO. 2:06-CV-180 |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |

### **SUPPLEMENTAL**
### **REPORT AND RECOMMENDATION**

On January 16, 2008, the magistrate judge filed a report and recommendation concerning a motion for approval of attorney's fees filed by plaintiff's counsel pursuant to 42 U.S.C. § 406(b). It was noted in that report and recommendation that the Commissioner had not filed a response to the motion for approval of attorney's fees.[1] Immediately thereafter, the Commissioner filed a motion for reconsideration (Doc. 26), acknowledging the Commissioner's failure to timely file a response, and requesting that the district judge refer the matter back to the magistrate judge for reconsideration. The district judge has now done so.[2]

Claimant's attorney, Mr. Harry Smith, requested approval of an attorney fee in the amount of $12,500.00, which was (1) a contingent fee based upon an agreement between

---

[1]*See*, Doc. 25.

[2]Doc. 29.

attorney Smith and his client, and (2) representing 20.6% of the past-due benefits awarded the claimant.

In his belated response, the Commissioner asserts that a fee of $12,500.00 constitutes a "windfall" and therefore is not a reasonable fee under 42 U.S.C. § 406(b)(1)(A):

> Whenever a court renders a judgment favorable to a claimant [for Social Security benefits] who is represented before the court by an attorney, the court may determine and allow as part of its judgement a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

The court has considered the ruling in *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990), and *Gisbrecht, et al., v. Barnhart, Commissoner*, 535 U.S. 789 (2002). Under *Gisbrecht, supra*, contingent fee arrangements, as this one was, are enforceable, subject only to (1) the statutory cap of 25% of the past-due benefits, and (2) a requirement that the ultimate amount, even if 25% or less of past-due benefits, be reasonable under the particular circumstances of the case. 535 U.S. 808-9.

Mr. Smith's total fee is only 20% of the past-due benefits, and the court cannot ignore the fact that Mr. Smith is one of the more experienced and capable Social Security practitioners in this court. Experience, expertise, and professional reputation certainly are legitimate factors to take into account when adjudging the reasonableness of a contingent fee arrangement. In the opinion of this magistrate judge, Mr. Smith's contingent fee was not a "windfall" as the Commissioner argues.

Accordingly, it is again recommended that Mr. Smith's motion for approval of

attorney's fees in the amount of $12,500.00 be approved.[3]

SO ORDERED:

                                                      s/ Dennis H. Inman
                                              United States Magistrate Judge

---

[3]Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).